IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSON, Administrator of the Funds, and MIKE SHALES, JOHN BRAYAN SR., AL OROSZ, DAN BREJC, TOBY KOTH, and VERN BAUMAN, Trustees on behalf of the FOX VALLEY LABORERS' HEALTH AND WELFARE FUND AND THE FOX VALLEY LABORERS' PENSION FUND, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 11 C 01294 Judge Sharon J. Coleman |
| v. ) ) | |
| J & S CONSTRUCTION SEWER AND WATER, INC. ) ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, two labor pension funds and their trustees, brought this action to collect delinquent payments pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. § 1132, 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiffs move for summary judgment seeking damages in the amount of $101,497.43 against defendant, for unpaid principal, liquidated damages, interest, and audit costs. Plaintiffs also request leave to file a petition for attorney's fees and costs. For the following reasons, plaintiffs' motion is granted.

**BACKGROUND**

The following facts are undisputed. Plaintiffs, Laborers' Pension Fund and Welfare Funds and James S. Jorgensen ("Chicago Funds") and Fox Valley Laborers' Funds and its Trustees ("Fox Valley Funds"), (collectively, "the funds") are multiemployer benefit plans. On June 30, 2003, defendant, J&S Construction ("the company") entered into a collective bargaining agreement ("agreement") with the Construction and General Laborers District Council of Chicago and Vicinity and/or its affiliated Local ("Union"). The agreement requires the company to make contributions to the funds on behalf of its employees and to remit union dues from its employees along with monthly remittance reports. In December 2009, the company became delinquent in its monthly payments to the funds.

The funds conducted an authorized audit of the company's books for 2010. The auditors prepared separate reports for each of the funds and produced both to the company. The reports demonstrated that the company owed unpaid principal to both funds. The funds subsequently filed suit pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. § 1132, 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to collect delinquent contributions and union dues from the company for the period of January 1, 2010 through December 31, 2010.

The funds seek to recover unpaid principal amounts discovered by the audit, less contributions paid by the company since creation of the reports. The funds acknowledge and credit payments from the company, and seek only to recover the delinquent amount that remains unpaid. The funds are also seeking judgment against the company for liquidated damages, interest, and audit costs. Specifically, the Chicago Funds are seeking judgment for unpaid

principal contributions of $30,911.98, liquidated damages at twenty percent, interest payments at twelve percent, and audit costs, totaling $43,676.20. The Fox Valley Funds claim judgment for unpaid principal contributions of $37,753.36, liquidated damages at twenty percent, interest at two percent compounded monthly on all delinquent contributions from the date each contribution was due until the date of receipt, and audit costs, totaling $57,821.23. Collectively, the funds request a total judgment of $101,497.43 against the company.

Before the Court is the plaintiffs' joint motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), in which the funds argue that they are entitled judgment as a matter of law based on the audit reports and subsequent reconciliations, because the company has failed to establish any evidence contradicting the validity of the funds' calculations. **LEGAL STANDARD**

A party is entitled to summary judgment if all of "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Court construes the facts and all reasonable inferences in the light most favorable to the nonmoving party when deciding a motion for summary judgment. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005). The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial to resolve. *Celotex v. Catrett*, 477 U.S. 317, 324 (1986). In considering a motion for summary judgment, the Court may not weigh the evidence or engage in fact-finding, but should simply determine whether there is a genuine issue for trial. *Hasan v. Foley & Lardner, LLP*, 552 F.3d 520, 527 (7th Cir. 2008).

**DISCUSSION**

Plaintiffs argue that they are entitled to summary judgment for unpaid principal contributions, liquidated damages, interest, and audit costs based on the audit report and subsequent record.

**A.     Applicability of the Agreement**

Defendant opposes summary judgment asserting that "it is a question of fact whether J&S was subjected (sic) to the Collective Bargaining Agreement during the applicable time frame." (Defendant's Opposition Memorandum, p. 4). However, "a party will be successful in opposing summary judgment only when it presents 'definite, competent evidence to rebut the motion.'" *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001)(citing *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000)).

Defendant does not point to any evidence in the record in support of its argument that the agreement did not apply during the relevant time frame. In its response to plaintiffs' statement of facts, defendant admits that it executed the agreement with the Union on June 30, 2003, and does not specifically deny the validity of any portion of the agreement. In reference to the agreement, defendant states only that, "the referenced document speaks for itself when read in its entirety," when in reference to the agreement. "Saying that a document 'speaks for itself' is not a denial under Local Rule 56.1(b)(3)." *Henderson v. Bovis Lend Lease*, 2012 WL 254247 at *1 (N.D. Ill. 2012). Here, defendant did not deny any relevant facts. Plaintiffs' LR 56.1 statement of facts is therefore admitted in its entirety. *See e.g., Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003).

The Court finds it significant that Defendant did not file its own statement of additional facts. "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 56.1(b)(3)(C).

Defendant simply fails to present any evidence controverting plaintiffs statements regarding the applicability of the agreement. Therefore, this Court enters judgment in favor of the plaintiffs on the issue of liability to the funds.

B.   **Calculation of Unpaid Principal Amounts**

Plaintiffs assert that the Chicago Funds are owed a balance of $30,911.98 and the Fox Valley Funds are owed a balance of $37,753.36, citing to the audit reports and subsequent reconciliation statements provided by the company. (Plaintiffs' Statement of Facts, ¶ 20, 22). The Seventh Circuit has held that on a motion for summary judgment, an audit report is entitled to an assumption of correctness. *Chicago District Council of Carpenters Pension Fund, et. al. v. Reinke Insulation Co.*, 247 F.3d 262, 265 (7th Cir. 2003). If the plaintiff presents an audit report, then the burden of proof shifts to the employer to establish a genuine issue of material fact barring summary judgment. *Id.; see also Laborers' Pension Fund v. RES Environmental Services, Inc.* 377 F.3d 735 (7th Cir. 2004). Here, the funds have presented audit reports, thus the company must raise a genuine issue of fact as to the accuracy of the reports.

The company does not cite any specific evidence in the record challenging the validity of the audit reports. The company contends only that "no calculations were presented to verify the amounts claimed due," however, it fails to cite to any specific evidence in the record contradicting the calculation of those amounts. Local Rule 56.1(b)(3)(B) requires that a party opposing a motion for summary judgment to properly set forth their challenge to the moving party by citing the "specific references to the affidavits, parts of the record, and other supporting materials relied upon." By failing to support its responses with evidence contradicting the plaintiffs' calculations, defendant fails to meet its burden of raising a genuine disputed fact as to

those calculations. Therefore, this Court enters judgment in favor of the funds for unpaid principal contributions covering the audit period of January 1, 2010 through December 31, 2010.

**C.     Damages**

In addition to unpaid principal contributions, the funds seek judgment for interest, liquidated damages, and audit fees pursuant to the agreement and Section 502 of ERISA, 29 U.S.C. § 1132(g)(2). Specifically, the Chicago Funds are seeking judgment for principal contributions covering the audit period ($30,911.98), liquidated damages at twenty percent of the delinquency ($6,182.39), interest at the rate of twelve percent ($3,594.98), and audit costs ($2,986.85). The Fox Valley Funds are seeking judgment for unpaid principal contributions covering the audit period ($37, 753.36); liquidated damages at twenty percent of the delinquency ($7,550.67); interest ($9,774.55), and audit costs ($2,742.65).

**a. Liquidated Damages**

The statute states that when a judgment in favor of the plan is awarded the court shall award: (A) the unpaid contributions, (B) interest, (C) liquidated damages (or additional interest, if greater), (D) reasonable attorney's fees and costs, and (E) any other relief the Court deems appropriate. 29 U.S.C. § 1132(g)(2). Thus, ERISA permits the prevailing party to collect the interest on unpaid contributions plus liquidated damages as provided for under the plan. *Laborers' Pension Fund v. RES Envtl. Services, Inc.*, 377 F.3d 735, 739 (7th Cir. 2004). Awards of liquidated damages are mandatory in an action in which judgment in favor of the plan is awarded. *Gilles v. Burton Construction Co.*, 736 F.2d 1142, 1144 (7th Cir. 1984). The Seventh Circuit has explained that "[l]iquidated damages compensate the plans for delay and give employers an incentive to be forthcoming with payments." *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.,* 870 F.2d 1148, 1156 (7th Cir. 1989).

The Funds are established by Trust Fund Agreements and Declarations of Trust, which the company does not deny that it was a party to. (Defendant's Response to Plaintiff's Statement of Facts, ¶ 11). It is undisputed that those agreements require that the company pay liquidated damages and interest if they are found liable for delinquent contributions and litigation is involved. Therefore, the Court finds that the funds are entitled to liquidated damages.

### b. Audit Costs

The Chicago Funds seek audit costs of $2,986.85, and the Fox Valley Funds seek audit costs of $2,742.65. These amounts are set forth in the record by the affidavits of James Fosco and Patricia Shales, respectively. The funds have not provided an itemized statement from the firm that performed the audits.

Under ERISA, a prevailing party is entitled to "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). The Seventh Circuit has construed this provision to include an award of audit costs. *Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust v. Svec*, 429 F.3d 710, 721 (7th Cir. 2005). However, "[a]ny party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). However, if an audit is straightforward, the total number of hours devoted to the audit is low, and the court has no reason to believe that certain aspects of the audit were a waste of time, the court may not need additional detail to determine whether the audit costs are reasonable. *Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.,* 570 F.3d 890, 905 (7th Cir. 2009).

In this case, the audit costs are relatively low and the company has not presented any evidence that the audit was inaccurate or a waste of time. Therefore, the Court awards audit costs to the plaintiffs pursuant to ERISA, 29 U.S.C. § 1132(g)(2)(E).

**c. Reasonable Attorney's Fees and Costs are recoverable under ERISA**

In an ERISA action, a prevailing plan is entitled to recover reasonable attorneys' fees and costs incurred in an action to collect delinquent contributions. 29 U.S.C. § 1132(g)(2)(D). Therefore, this Court grants plaintiffs thirty (30) days to file a petition for attorney's fees and costs.

**CONCLUSION**

Defendant failed to meet its burden establishing any material disputes as to its liability for delinquent payments to the funds or the validity of damages calculations presented by plaintiffs and supported by the audit reports and affidavits. Therefore, this Court grants plaintiffs' motion for summary judgment.

IT IS SO ORDERED.

Date: August 9, 2012

Entered: _____
Sharon Johnson Coleman